IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Eugene McCarson, | ) | C/A No.: 1:13-2652-GRA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| James Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |

Gregory Eugene McCarson ("Petitioner"), a pretrial detainee at the Greenville County Detention Center, has submitted this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without requiring respondent to file an answer.

I.  Factual and Procedural Background

Petitioner alleges he was arrested for murder and arson (third degree) on June 25, 2012. [Entry #1 at 3, 8]. Petitioner claims a violation of his right to due process and lack of jurisdiction by the state court. *Id.* at 8. Petitioner has allegedly filed "ex-parte motions" concerning these issues, *id.*, in the form of letters to state officials. [Entry #1-1 at 1–8]. Petitioner seeks dismissal of his state charges and release from custody. [Entry #1 at 9].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

B.    Analysis

Petitioner seeks dismissal of his pending state charges. [Entry #1 at 9]. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, an ongoing state proceeding exists, as Petitioner states that he is currently detained pending disposition of murder and arson charges in state court. [Entry #1 at 1, 3]. The second criterion is also met because the Supreme Court has held "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Supreme Court has also addressed the third criterion and noted "'that ordinarily a pending state

prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  Here, Petitioner can pursue his claims in state court both during and after the disposition of his criminal charges.  Because Petitioner fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief, *see Younger*, 401 U.S. at 43–44, abstention is appropriate and Petitioner is precluded from federal habeas relief at this time.

In addition, Petitioner has failed to demonstrate exhaustion of state remedies in this case. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1).  Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973); *see also McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)). Petitioner indicates that he has submitted "ex-parte motions" in the form of letters written to state solicitors and a state judge.  [Entry #1 at 8–9].  However, Petitioner fails to allege that he has filed any formal motions in state court concerning the issues presented in this case.  Thus, Petitioner has failed to demonstrate that he exhausted his state-law remedies

as required to pursue a habeas action § 2241, and it is recommended that his petition be summarily dismissed.

III.     Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

September 27, 2013                                  Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).