UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Gregory Eugene McCarson, | ) | C/A No.: 1:13-cv-02652-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| James Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before this Court for review of Magistrate Judge Shiva V. Hodge's Report and Recommendation filed on September 27, 2013, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC. Petitioner Gregory Eugene McCarson ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 28 U.S.C. § 2241 on September 24, 2013.[1] ECF No. 1. Under established procedure in this judicial district, Magistrate Judge Hodges made a careful review of the *pro se* petition and now recommends dismissing Petitioner's § 2241 Petition without prejudice and without requiring Respondent to file an answer. ECF No. 7. Petitioner filed Objections to the Report and Recommendation on October 6, 2013. ECF No. 9. For the reasons stated herein, this Court adopts the Magistrate Judge's Report and Recommendation.

**Standard of Review**

Petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which permits an indigent litigant to commence an action in federal court

---

[1] Prisoner petitions are deemed filed at the time they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). The envelope Petitioner used to file his § 2241 Petition does not display a prison stamp; rather, it is post-marked on September 24, 2013. ECF No. 1-2. Therefore, this Court will use the filing date of September 24, 2013.

without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, this statute requires a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). In the instant case, Petitioner timely filed objections to the Report and Recommendation on October 6, 2013. ECF No. 9.

## **Discussion**

Petitioner is a pre-trial detainee, and is being held at the Greenville County Detention Center on state charges of murder and third-degree arson. Construing Petitioner's *pro se* Objections to the Report and Recommendation liberally, this Court finds that the Petitioner filed four specific and cognizable objections.

As an initial matter, Petitioner objects to the "Discussion (on page 2)," in which the Magistrate Judge lays out the Standard of Review section of the Report and Recommendation. According to Petitioner, "the U.S. Magistrate Judge (Shiva V. Hodges) states that the Petitioner did not set forth facts and/or a claim currently cognizable in a federal district court." ECF No. 9 at 1. The Petitioner has

misunderstood the Magistrate Judge's use of this language and the case, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).  This statement is not intended to support the position that his claims are without merit; rather, it serves to advise Petitioner of a case that has informed the Magistrate Judge's review, specifically with regards to how the court construes *pro se* petitions.  Therefore, this Court finds this objection to be without merit.

Next, Petitioner objects to "page 3, 1st paragraph," in which the Magistrate Judge uses the Fourth Circuit's three-prong test in analyzing whether extraordinary circumstances exist warranting federal court interference with state criminal proceedings.  ECF No. 7 at 3.  Petitioner argues that "the test culled by the Fourth Circuit to determine if abstention is appropriate is an unfair test in these circumstances because the ongoing state judicial proceedings is an unfair adversarial proceeding."  ECF No. 9 at 2.  In support of this objection, Petitioner asserts that "[t]he illegal actions by the prosecution to obtain these indictments, as well as use their docketing powers in an arbitrary manner to coerce a plea and/or gain an unfair advantage over the Petitioner qualify as narrow and e[x]traordinary of circumstances."  *Id.*  However, Petitioner's challenge to the state court's subject matter jurisdiction rests on state law and may be raised during the trial proceedings.  This case does not involve extraordinary circumstances.  Therefore, Petitioner's objection is meritless.

In addition, Petitioner objects to "the last paragraph on page 3, and first on page 4," in which the Magistrate Judge references the Supreme Court's assertion that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  ECF No. 7 at 3–4 (quoting

*Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975))).  Petitioner believes that federal court interference is necessary because the "local judicial/prosecutorial inner circle" will not provide him with a "fair chance at justice."  ECF No. 9 at 2.  However, this Court is not persuaded by Petitioner's speculation as to how the South Carolina state courts might rule on his case.  Furthermore, Petitioner provides no support for this conclusory allegation.  Therefore, this objection fails.

In his final objection, Petitioner objects to "the last paragraph on page 4," in which the Magistrate Judge concludes that "Petitioner has failed to demonstrate that he exhausted his state-law remedies."  ECF No. 7 at 4.  However, Petitioner does not contest the Magistrate Judge's finding that he failed to exhaust his state remedies.  In fact, Petitioner provides the following justifications as to why he has not exhausted his state-law remedies: "Petitioner is not a trained professional at law," "his appointed counsel appears to be in c[a]hoots with the prosecution and has done nothing to aid the Petitioner in the preparation of a defense or preserve facts and/or object to any of the illegal actions of the prosecution," "detainees at Greenville County Detention Center are not provided a law library and/or any access to one," and he has "no means by which to prepare any pro-se litigation."  ECF No. 9 at 2–3.  Before Petitioner may seek review of his claims in this Court, he must first exhaust his state remedies and provide the courts of the state of South Carolina with an opportunity to entertain his claims.  Therefore, this objection is overruled.

## Conclusion

After a thorough review of the record and Petitioner's objections, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 Petition for Habeas Corpus is hereby DISMISSED without prejudice. This Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 31, 2013
Anderson, South Carolina

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").